No. 7704.

J. B. Durham & Co. vs. Lisso & Scheen.

In estimating the sufficiency of sureties to bonds, it is not necessary to take into account the contingent obligations of the party whose sufficiency is disputed, when it appears that he is insufficient without calculating such obligations.

This court has no power to order the substitution of a sufficient, for an insufficient surety on an attachment bond.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Pierson, J.*

T. T. & A. D. Land and Kennard, Howe & Prentiss for plaintiffs and appellants :

First—The true question in this case is, to what amount must the surety be solvent? and not whether he be solvent as to the whole world. The amount of the solvency of the surety is declared and fixed in art. 3011 of the Code of 1825, and in art. 3042 of the Code of 1870, which limits his solvency to the possession of property sufficient to answer for, or to pay the amount of the obligation or bond which he signs. C. C. 1985, 3042 ; 17 L. 436.

Second—It is error to hold that an attachment bond is a debt against the surety, so long as the attachment remains undissolved, and there is neither suit nor judgment against the surety.

It is error to hold that the attachment bond in the Frye case is a debt against the surety, and should be computed against him in deciding whether or not he possesses the qualifications required by law for a judicial surety.

J. F. Pierson, L. B. Watkins, and Egan & Ogden for defendants and appellees :

That the surety had not property sufficient, over and above the amount of his debts, to respond to the bond, and, therefore, that he was insufficient.

The opinion of the court was delivered by

Manning, C. J. This suit is on an open account for $1,257.73, and was accompanied by a writ of attachment. The bond was for nineteen hundred dollars, and the only security was J. D. Patton. The defendants moved to dissolve on sundry grounds, the second of which is the insufficiency of the security, which was maintained by the lower court. From his judgment dissolving the attachment on that ground this appeal is taken.

It cannot be expected that we shall recite the testimony of the numerous witnesses who have given their opinions of the value of Pat-

ton's land. The plaintiffs' counsel gathers from the whole of it that the land is.worth twenty dollars an acre cash, and states the number of acres at 126⅔. The defendants' counsel states the number of acres at 124 1-6, and thinks the testimony does not warrant a higher valuation than ten dollars per acre. We shall adopt the mean as to the quantity as well as the price.

. The stock and fixtures is the same property that is spoken of elsewhere as capital invested amounting to $500, and cannot be reckoned twice. Patton himself says very little was due him on notes and accounts, perhaps $200 or $300. This does not justify the insertion of any sum under that head. Of the sixty bales of cotton Patton testifies that he owns not one of them. They were merely in his possession, but were the property of Lisso & Scheen. The plaintiffs have so treated that cotton. They had it seized in another suit as the property of Lisso & Scheen. It cannot be theirs for the plaintiffs' purposes in one suit, and Patton's at the same time for their purposes in another suit. Patton's assets therefore are as follows ;

| | |
|---|---:|
| 125 acres of land at $15 per acre | $ 1,875.00 |
| House and lot in Coushatta | 800.00 |
| Capital invested | 500.00 |
| Live stock | 50.00 |
| 4 bales cotton | 120.00 |
| | $ 2,345.00 |
| Liabilities admitted | 500.00 |
| | $ 1,845.00 |

It is conceded that Patton was already, at the time of signing this attachment bond, surety for one Frye in another attachment bond for $3,500.00, and the plaintiffs insist that this does not affect his sufficiency as surety on the subsequent bond, but this is a mistake. In estimating the sufficiency of sureties to bonds, it is the daily practice of the courts to take into account the obligations entered into already by the party whose sufficiency is disputed, and we know of no good reason why it should not be so. If a score of attachments were taken out successively and the same surety were given to each bond, who was proved to be worth the amount of the first and largest, and no more, it would be small safety to the bonds subsequently given to pronounce the same party sufficient as the sole surety to them.

If then we should estimate the land as the plaintiff does, and omit $300 of the liabilities as having been paid since (though the defendant states the liabilities at a much larger sum) the value of the property would be thus ;

Land at $20 per acre...............................$ 2,500.00
Other property in foregoing list.....................  1,470.00

                                           $ 3,970.00
Liability....  ........................................     200.00

                                           $ 3,770.00

The Frye attachment bond is for....................$ 3,500.00
The present bond.................................  1,900.00

                                           $ 5,400.00

The figures justify the judgment of the lower court, and it is affirmed.

### ON APPLICATION FOR REHEARING.

MANNING, C. J.   It was unnecessary to say any thing about the contingent liabilities of the surety in estimating his debts with a view to test his solvency.   It is sufficient to say that, leaving all contingent liabilities out of the calculation, the surety in this case was insufficient.

If we are to understand the counsel, in the concluding sentence of his brief, as intimating the existence of a power in this court to order a new and sufficient security to be now taken to the attachment, we cannot assent to it.   What the lower court might have done, upon application there made at the time the judge dissolved the attachment because of the insufficiency of the surety, it is not necessary for us to say.   It is certain that we cannot order a new security to be taken now.

The rehearing is refused.